IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RICHARD WALKER CUMMINS, V,<br><br>Defendant. | CR-11-86-BLG-DWM-CSO-1<br><br>**FINDINGS AND RECOMMENDATIONS TO REVOKE SUPERVISED RELEASE** |

## I. Synopsis of Recommendations

A petition alleged that Defendant Richard Walker Cummins, V, ("Cummins") violated his conditions of supervised release by failing to appear for scheduled sex offender treatment, failing to participate in scheduled substance abuse treatment, and failing to appear for random urinalysis testing. He admitted to the violations. Cummins' supervised release should be revoked, and he should be sentenced to 5

1

months imprisonment followed by 55 months of supervised release.

## II. Status

On March 22, 2012, Cummins pled guilty to Abusive Sexual Contact. *ECF 40.* The offense involved Cummins engaging in a sexual act with a person who was physically incapable of declining participation in, and communicating unwillingness to engage in, that sexual act. *ECF 1.* On June 25, 2012, the Court sentenced Cummins to 14 months incarceration with 5 years of supervised release to follow. *ECF 46.* Cummins began his supervised release on August 10, 2012. *ECF 51.*

## **Petition**

On July 10, 2013, the United States Probation Office prepared a Petition for Warrant or Summons for Offender Under Supervision requesting that a warrant be issued for Cummins to appear to answer allegations that he violated conditions of his supervised release. *ECF 51.* The petition alleged that Cummins violated (1) Special Condition Number 3 on six occasions by failing to appear for scheduled sex offender treatment; (2) Special Condition Number 2 on two occasions by

failing to appear for scheduled substance abuse treatment; and (3) Special Condition Number 1 on three occasions by failing to appear for random urinalysis testing. *Id.* Based on the petition, the undersigned issued a warrant for Cummins's arrest. *ECF 52.* The case was reassigned to the Hon. Donald W. Molloy, U.S. District Judge, and referred to the undersigned for Findings and Recommendations. *See Standing Order No. DLC-6, superseded by Standing Order No. DLC-7.*

## Initial Appearance

Cummins was arrested on July 15, 2013. He made an initial appearance before the undersigned on July 18, 2013, in Billings, Montana.

## Revocation Hearing

On July 18, 2013, the undersigned also conducted a hearing on whether Cummins' supervised release should be revoked. Vernon E. Woodward represented Cummins. Assistant U.S. Attorney Lori Suek represented the United States. The undersigned explained the Findings and Recommendations procedure to Cummins, including his right to appear and allocute before Judge Molloy and the necessity of

properly objecting to the Findings and Recommendations in order to preserve that right.  In addition, Cummins, his counsel, and the Assistant U.S. Attorney executed an Acknowledgment of Rights and Consent, again acknowledging his understanding of the Findings and Recommendations procedure and consenting thereto.

Cummins admitted each of the violations alleged in the petition. The undersigned accepted his admission, determined that his supervised release should be revoked or modified, and proceeded to consider sentencing recommendations.  The undersigned calculated that Cummins' violation grade is C, his criminal history category is III, and the underlying offense is a class E felony.  Under those circumstances, the maximum sentence is 12 months incarceration, and the United States Sentencing Guidelines call for 5 to 11 months incarceration.  Cummins could be sentenced to a term of 5 years to life supervised release, less any incarceration time imposed.  Ms. Suek and Mr. Woodward agreed with those calculations.

Ms. Suek requested a sentence of 11 months incarceration.  Ms. Suek stated that due to the nature of the underlying offense, the

condition requiring participation in sex offender treatment is the most important condition. Because Cummins failed to attend scheduled sex offender treatment on six occasions, Ms. Suek argued that a sentence on the high end of the sentencing guideline is appropriate.

Mr. Woodward requested a sentence of 5 months incarceration. Mr. Woodward argued that Cummins has been doing some things right. He argued that Cummins' principal issue had been alcohol abuse, and the underlying offense occurred when Cummins' was intoxicated. Mr. Woodward noted that Cummins has remained sober since his release from custody approximately one year ago, despite suffering a breakup of his marriage during this period. Mr. Woodward argued that Cummins' effort and success in this regard warrants leniency.

Mr. Woodward also explained that the reason Cummins has missed substance abuse and sex offender treatment appointments is largely due to the fact that he lives in Lodge Grass, and all appointments take place in Hardin. Mr. Woodward explained that Cummins does not have a vehicle, and is required to hitchhike or find a ride to attend these appointments.

Finally, Mr. Woodward argued that while Cummins has missed some urinalysis tests, he has never submitted a UA that tested positive for prohibited substances.

Cummins addressed the Court. When asked why he missed six appointments for sex offender treatment, Cummins explained that he had difficulty finding transportation to Hardin. He explained that weather in the winter months caused him to miss some of the appointments, and that his work also interfered with attending the appointments.

He also argued that he not been removed from his sex offender treatment program, but instead was put on suspension. He explained that he had nonetheless been attending some sessions, and was prepared to complete and submit step four of the program this last Wednesday.

### III. Analysis

Based on Cummins's admitted violations of his conditions of supervised release, his supervised release should be revoked. The violations are troubling not only because they are breaches of the

court's trust, but also because of the multiple attempts made by his supervising officer to impart upon Cummins the seriousness of his noncompliance and the consequences that likely would result with continued failures to comply. While Cummins appears to have been making an effort and has apparently been successful in remaining alcohol free, the conditions of supervised release are mandatory, and there is otherwise no valid excuse for the extent of admitted violations.

Cummins should be sentenced to 5 months incarceration, with 55 months of supervised release to follow. No circumstances warrant a departure from the guideline range.

### III.  Conclusion

The undersigned advised Cummins that the above sentence would be recommended to Judge Molloy, and reminded him that he has the right to appear and allocute before Judge Molloy. The undersigned instructed Cummins that he may object to these Findings and Recommendations within 14 days of their issuance, and must do so if he wishes to preserve his right to allocute before Judge Molloy.

The Court makes the following **FINDINGS:**

1.   Cummins violated Special Condition Number 3 on six occasions by failing to appear for scheduled sex offender treatment.

2.   Cummins violated Special Condition Number 2 on two occasions by failing to appear for scheduled substance abuse treatment.

3.   Cummins violated Special Condition Number 1 on three occasions by failing to appear for random urinalysis testing.


The Court makes the following **RECOMMENDATION:**

1.   The District Court should revoke Cummins's supervised release and commit Cummins to the custody of the United States Bureau of Prisons for a term of imprisonment of 5 months followed by a 55-month term of supervised release.


## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT


The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The

district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 19th day of July, 2013.

  /s/ Carolyn S. Ostby
United States Magistrate Judge